IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Motiva Enterprises LLC, ) | |
| ) | C/A No. 1:09-1039-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| John M. Morris and Kevin Morris d/b/a ) | |
| Morris Texaco Mini-Mart; Anderson Oil ) | |
| Company, Inc.; Federated Mutual Agency, ) | |
| Inc.; The Federated Insurance Company; ) | |
| and Federated Mutual Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Motiva Enterprises LLC ("Motiva") filed the within action on April 17, 2009, seeking indemnity under various theories from Defendants for costs it incurred to defend a personal injury action brought in state court. In the state court action, the plaintiff, Louis Jamison, alleged that his cousin, Carlos Davis, purchased beer from the Morris Texaco Mini Mart in Denmark, South Carolina. Jamison and Davis, who was driving, thereafter were involved in a one-car accident. Davis was killed in the accident. Jamison was rendered a quadriplegic. Jamison alleged that Davis was intoxicated from the beer. Both Davis and Jamison were younger than the legal drinking age of twenty-one at the time of the accident.

Jamison brought an action against John M. Morris and Kevin Morris d/b/a Morris Texaco Mini Mart ("Morris"); Anderson Oil Co., Inc. ("Anderson Oil"); Texaco, Inc. ("Texaco"); and Shell Oil Company, Inc. ("Shell"). Anderson Oil is the wholesaler, also known as a "jobber," that sold gasoline to the mini mart. Anderson Oil purchased gasoline from Texaco pursuant to a Wholesale Marketer Agreement (WMA) between it and Star Enterprise. See Entry 14-2 (Star Enterprise Wholesale Marketer Agreement for Motor Fuels No. 9800013). Jamison's claims against Anderson

Oil and Texaco were brought under the theory of respondeat superior, i.e., that these companies had sufficient control over the premises, operations, and employees of the mini-mart to be vicariously liable for the alleged negligent sale of beer to a minor. A jury awarded a verdict of $30 million in favor of Jamison against Morris, Anderson Oil, and Texaco. The jury verdict was appealed to the South Carolina Supreme Court. On September 21, 2009, the supreme court issued a decision reversing the verdict. As to Anderson Oil and Texaco, the supreme court held that the trial judge erred in submitting the issue of Anderson Oil and/or Texaco's vicarious liability to the jury. The supreme court determined there was no evidence that either Anderson Oil or Texaco possessed the right or power to control the mini-mart in the performance of its retail alcoholic beverage sales, and thus these entities were entitled to a directed verdict. As to Morris, the supreme court concluded that certain expert testimony was not reliable, and therefore Morris was entitled to a new trial. Rehearing was denied on November 4, 2009. See Jamison v. Morris, 684 S.E.2d 168 (S.C. 2009).

Motiva is a limited liability company formed by affiliates of Texaco, affiliates of Shell, and Saudi Refining, Inc. Motiva refines and sells Texaco gas to wholesalers such as Anderson Oil. Motiva was not a named defendant in the state court case. However, prior to the alleged alcohol sale to Davis, the WMA between Anderson Oil and Star Enterprise was assigned to Motiva. Motiva contends in its amended complaint filed August 5, 2009 that the WMA contains broad indemnity obligations that require Anderson Oil to indemnify Motiva and its partners and affiliates, which would extend by definition to Texaco and Shell, for any claim, cause of action, suit, damages, personal injury, judgment, or expense in connection with any event or occurrence at or involving the operation of any Texaco-branded outlet supplied by Anderson Oil. According to Motiva, the WMA also requires Anderson Oil to indemnify Motiva and its partners and affiliates for claims arising out

of any act or omission by either Anderson Oil or its employees, agents, contractors, and invitees, as well as Anderson Oil's consumers or their employees, agents, contractors, and invitees, which by definition would include Morris and employees of the mini-mart. Specifically, the WMA provides:

> PURCHASER, TO THE MAXIMUM EXTENT PERMITTED BY LAW, SHALL DEFEND, PROTECT, INDEMNIFY AND HOLD HARMLESS INDEMNIFIED PARTIES FROM AND AGAINST ANY DAMAGES WHICH MAY BE INCURRED OR ASSERTED AGAINST ANY INDEMNIFIED PARTY CAUSED BY, ARISING OUT OF, OR IN ANY WAY INCIDENTAL TO OR IN CONNECTION WITH PURCHASER'S PERFORMANCE HEREUNDER, INCLUDING BUT NOT LIMITED TO ANY DAMAGES RELATING TO THE SAFETY OR SECURITY OF THE RETAIL FACILITY, OR WITH THE PERFORMANCE, ACTS, OR OMISSIONS BY ANY CONSUMER SERVED BY PURCHASER (INCLUDING EMPLOYEES, AGENTS, CONTRACTORS AND INVITEES OF PURCHASER AND PURCHASER'S CONSUMERS).

Entry 14-2, 21 (WMA ¶ 24(C)). The WMA defines "Damages" to mean:

> ALL CLAIMS, DEMANDS, CAUSES OF ACTION, SUITS, DAMAGES, PERSONAL INJURY, DISEASE OR DEATH OF ANY PERSON, LOSS OF PROPERTY OR BUSINESS VALUE OF ANY KIND, ECONOMIC INJURY, MONETARY DAMAGES . . . JUDGMENTS, LOSSES AND REASONABLE EXPENSES (INCLUDING WITHOUT LIMITATION EXPENSES, COSTS OR ATTORNEYS' FEES INCURRED FOR ANY INDEMNIFIED PARTY'S PRIMARY DEFENSE OR FOR ENFORCEMENT OF ITS INDEMNIFICATION RIGHTS).

Entry 14-2, 21 (WMA ¶ 24(B)).

Anderson Oil purchased from Defendants Federated Mutual Agency, Inc.; The Federated Insurance Company; and Federated Mutual Insurance Company (collectively, "Federated") a Commercial General Liability (CGL) policy with available limits of $2,000,000. Motiva is listed as an additional insured on the CGL policy issued to Anderson Oil. See Entry 14-3, 5. In addition, the CGL policy extends coverage for bodily injuries or property damage for which Anderson Oil is obligated to pay damages by reason of the assumption of liability in an "insured contract." An "insured contract" includes, among other things, "[t]hat part of any other contract or agreement

3

pertaining to your [Anderson Oil's] business . . . under which you [Anderson Oil] assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." Entry 14-3, 22 According to Motiva, the WMA is an "insured contract" under the Anderson Oil CGL Policy.

Anderson Oil also purchased from Federated a Liquor Liability policy with available limits of $1,000,000. Motiva is a listed as an additional insured under Liquor Liability policy. Under the Liquor Liability policy, Federated is obligated to pay "those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." Also at issue is a Liquor Liability policy purchased by Morris from Federated with available limits of $500,000.

Motiva alleges that it indemnified Texaco and Shell for the costs and expenses of the Jamison litigation and that Anderson Oil is contractually obligated under the WMA to indemnify Texaco and Motiva for the costs expended to defend the state court litigation. Motiva also seeks indemnification from Morris under the theory of equitable indemnification. Motiva further contends that Federated is obligated under the various insurance agreements to cover and defend Texaco and Motiva for any costs of litigating the state court action. Motiva asserts that it made demand on Anderson Oil and Federated but that no sums have been forthcoming. Accordingly, Motiva asserts causes of action for (1) breach of contract and indemnification against Anderson Oil (Count I); (2) breach of contract and attorney's fees against Anderson Oil (Count II); (3) attorneys' fees against Anderson Oil for the present action (Count III); and also seeks (4) a declaration that Anderson Oil must indemnify Motiva for any final judgment in the underlying state court litigation, as well as costs and fees for that action

and the present case (Count IV); (5) equitable indemnification against Morris (Count V); (6) a declaration that under South Carolina common law Morris indemnify Motiva (Count VI); (7) a declaration that Federated must indemnify Motiva as an additional insured under the CGL policy (Count VII); (8) a declaration that Federated must indemnify the WMA as an insured contract under the CGL Policy (Count VIII); (9) a declaration that Federated must indemnify Motiva under the Anderson Oil Liquor Liability policy (Count IX); (10) a declaration that Federated must indemnify under the Morris Liquor Liability policy) (Count X). Motiva also alleges causes of action for (11) breach of contract against Federated for failing to defend and indemnify Motiva as an additional insured under the CGL policy (Count XI); (12) breach of contract against Federated for failure to defend and indemnify WSA as an insured contract under the Liquor Liability policy (Count XII); (13) breach of contract against Federated for failure to defend and indemnify under the Morris Liquor Liability policy (Count XIII); and (14) bad faith failure to pay by Federated (Count XIV).

This matter is before the court on Defendants' joint motion to dismiss, which motion was filed on September 18, 2009. Motiva filed a memorandum in opposition on November 5, 2009, to which Defendants filed a joint reply on November 25, 2009. In their motion to dismiss, Defendants contend that Motiva lacks standing to bring the within litigation and that it is not the real party in interest. Defendants further argue that Motiva has failed to state a claim in that it has not alleged facts sufficient to establish a breach of any contractual duty by Anderson Oil or the right to equitable indemnity from Morris, or to establish that Federated had a duty to defend or indemnify Motiva.

## DISCUSSION

A.  Standing to Assert Claims for Damages

Defendants first assert that Motiva lacks standing to seek indemnification because it was not

a named party in the state court proceeding. To have standing, a plaintiff must show (1) an "injury in fact," meaning an injury that is "concrete and particularized" and "actual or imminent;" (2) a "causal connection between the injury and the conduct complained of," meaning that the injury is "fairly traceable" to the defendant's actions; and (3) a likelihood that the injury "will be redressed by a favorable decision." Covenant Media of SC, LLC v. City of North Charleston, 493 F.3d 421, 428 (4th Cir. 2007). Defendants assert that Motiva lacks standing because here is no evidence that Motiva had any contractual or other relationship with Texaco or Shell such that Motiva was required to indemnify Texaco or Shell in state court.

Motiva alleges that under its formation agreements it indemnified Texaco and Shell for the costs and expenses of the state court litigation. Amended Complaint (Entry 10), § 13. Motiva alleges that it made demand on Anderson Oil and Federated to provide indemnity, coverage, and a defense in the state court action. Id. § 14. Motiva further alleged an injury in fact and a causal connection between Defendants' conduct and its injury by asserting that Anderson Oil and Federated failed to fulfill their obligations under the WMA and the CGL and Liquor Liability policies. Id. §§ 14, 32, 33, 34. Motiva's alleged injuries would be redressed by favorable rulings on its breach of contract actions. The court concludes that Motiva has standing to assert its claims for damages.

B.   Standing under Declaratory Judgment Act

Defendants further contend that Motiva lacks standing under the Declaratory Judgment Act. A federal court may exercise its jurisdiction in a declaratory judgment proceeding only when "the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Jones v. Sears Roebuck & Co., 301 F. App'x 276, 282 (4th Cir. 2008) (quoting Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 592

(4th Cir.2004)). In order to satisfy this requirement, a plaintiff must possess standing to sue, meaning that a claim must present a "controversy that qualifies as an actual controversy under Article III of the Constitution." Id. As noted hereinabove, "(1) the plaintiff must allege that he or she suffered an actual or threatened injury that is not conjectural or hypothetical, (2) the injury must be fairly traceable to the challenged conduct, and (3) a favorable decision must be likely to redress the injury." Id. (quoting Miller v. Brown, 462 F.3d 312, 316 (4th Cir.2006)). Defendants contend that Motiva failed to assert facts that show it was damaged by Defendants' alleged actions. Defendants contend that the damages sought by Motiva were incurred by Texaco and Shell and not Motiva, and thus no live controversy exists as between Motiva and Defendants.

As discussed in detail in the previous section, Motiva alleges that it paid costs associated with defending Texaco and Shell in the state court case and has been damaged by Defendants' failure to fulfill their alleged obligations under the WMA and the CGL and Liquor Liability policies. The court finds that an actual controversy exists between Motiva and Defendants. The court therefore concludes that Motiva has standing to assert its claims for declaratory relief.

C. Real Party in Interest

Defendants next assert that Motiva is not the real party in interest under Fed. R. Civ. P. 17(a), which provides:

> An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
> (A) an executor;
> (B) an administrator;
> (C) a guardian;
> (D) a bailee;
> (E) a trustee of an express trust;
> (F) a party with whom or in whose name a contract has been made for another's benefit; and

(G) a party authorized by statute.

Motiva alleges that, as assignee of the WMA, it is entitled to certain rights and benefits thereunder, including indemnification from Anderson Oil and Federated. In addition, Motiva alleges that it is an additional insured under Anderson Oil's CGL and Liquor Liability insurance policies, as well as a party to the WMA, which, Motiva contends, is an "insured contract" under the CGL policy. Because Motiva is seeking redress of benefits to which it claims to be entitled, it is the real party in interest.

D.  Failure to State a Claim

Having disposed of the threshold issues raised by Defendants, the court turns to Defendants' motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Factual allegations in a complaint will be construed in the nonmoving party's favor and treated as true when the court considers a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6). A court is not so bound with respect to the complaint's legal conclusions. Lumsden v. United States, 555 F. Supp. 2d 580, 585 (E.D.N.C. 2008 (citing Schweikert v. Bank of America, NA., 521 F.3d 285, 288 (4th Cir.2008)). The plaintiff's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). "'[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'" Id. (quoting Twombly, 127 S. Ct. at 1969). While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, a plaintiff's "'obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 127 S. Ct. at 1974) (internal citations omitted). The complaint must allege

"'enough facts to state a claim to relief that is plausible on its face'" and "'raise a right to relief above the speculative level.'" Id. (quoting Twombly, 127 S. Ct. at 1974).

E. Breach of Contract Claims

Defendants argue that Motiva has not alleged facts sufficient to support its breach of contract claims. The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach. Branche Builders, inc. v. Coggins, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009) (citing Fuller v. E. Fire & Cas. Ins. Co., 124 S.E.2d 602, 610 (S.C. 1962)). The general rule is that for a breach of contract the defendant is liable for whatever damages follow as a natural consequence and a proximate result of such breach. Id. In a breach of contract action, damages serve to place the nonbreaching party in the position he would have enjoyed had the contract been performed. Id. (quoting S.C. Fed. Sav. Bank v. Thornton-Crosby Dev. Co., 399 S.E.2d 8, 10 (S.C. Ct. App.1990)).

Defendants contend that there is nothing in the complaint to demonstrate that a claim was asserted against Motiva so as to trigger any obligation by Anderson Oil to indemnify and defend Motiva under the WMA. To the contrary, Motiva alleges that the WMA required Anderson Oil to indemnify Motiva for any claim or expenses in connection with any event or occurrence at or involving the operation of any Texaco-branded store supplied by Anderson Oil. Amended Complaint (Entry 10), ¶ 6. Motiva alleges that the WMA required Anderson Oil to indemnify Motiva for any claim arising from any act or omission by either Anderson Oil or its consumers, such as Morris, that would give rise to a legal claim against Motiva or related entities. Id. ¶¶ 7, 9, 10. Motiva alleges Anderson Oil breached these contractual obligations when it refused to indemnify Motiva in the state court litigation, and that Motiva was damaged by the breach. Id. ¶¶ 31, 32. The

9

court concludes that Motiva has adequately pleaded facts to state a claim for breach of contract that is plausible on its face and raises a right to relief above the speculative level.

F.      Equitable Indemnity

Defendants assert that Motiva has failed to allege facts that could support a claim for equitable indemnification against Morris. Traditionally, courts have allowed equitable indemnity in cases of imputed fault or where some special relationship exists between the first and second parties. Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp., 518 S.E.2d 301, 305 (S.C. Ct. App. 1999). Ordinarily, if one person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action over for indemnity against the person whose wrong has thus been imputed to him. Id. (citing Atlantic Coast Line R.R. v. Whetstone, 132 S.E.2d 172 (S.C. 1963)). According to equitable principles, a right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join. Id. (quoting Stuck v. Pioneer Logging Machinery, Inc., 301 S.E.2d 552, 553 (S.C. 1983)).

Defendants argue that Motiva has not alleged that negligence was imputed to Motiva in the underlying action. In this case, Motiva alleges in the complaint that Texaco was found liable by the jury only through the doctrine of vicarious liability. Amended Complaint (Entry 10), ¶ 27. According to Motiva, because Texaco was adjudged to be without fault, Motiva can seek indemnity from Morris, the party at fault for the alleged illegal sale of beer to a minor. Id. ¶ 62. Motiva alleges that, as the party responsible for paying Texaco and Shell's defense costs, it is the party that has been injured. Id. ¶ 63. The court concludes that Motiva has adequately pleaded facts to state a claim for

equitable indemnity that is plausible on its face and raises a right to relief above the speculative level.

G.     Claims under CGL Policy

Defendants contend that the breach of contract and declaratory judgment claims against Federated under the Anderson Oil CGL policy must fail because Motiva does not allege that any claim has been asserted against it in the state court litigation. Defendants further dispute that Motiva has tendered any claim to Federated other than a letter dated January 20, 2004 in which it was requested that Anderson Oil indemnify Texaco.

Motiva alleges in its amended complaint that it is an additional insured under the Anderson Oil CGL policy and that the CGL policy insured it for bodily injury and property damage liability arising out of Anderson Oil's operations. Amended Complaint (Entry 10), ¶ 17. Motiva further alleges that the state court claims arose out of Anderson Oil's operations, and that the losses Motiva incurred in the form of costs to defend Shell and Texaco are covered under the CGL policy. Id. ¶ 18. Motiva also alleges that the WMA was an "insured contract" under the Anderson Oil CGL policy, that WMA required Anderson Oil to indemnify Motiva, and therefore Federated agreed to extend coverage to Motiva for injuries that Anderson Oil is obligated to pay under the WMA. Id. ¶ 19. The court concludes that Motiva has adequately pleaded facts to state claims for breach of contract and declaratory relief against Federated that are plausible on their face and raise a right to relief above the speculative level.

H.     Remaining Claims against Federated

Defendants contend that Counts VII, IX, X, XII, and XIII are improper direct claims against Federated. Defendants claim that Motiva's claims are asserted as a third-party claimant and not an additional insured. Defendants cite to SCDHEC v. Commerce & Indust. Ins. Co., 372 F.3d 245 (4th

Cir. 2004), for the proposition that under South Carolina law, a third-party claimant may not assert a direct cause of action against another's liability insurer unless there is (1) privity of contract between the claimant and the insurer; or (2) an express statutory grant of the right to restitution. Defendants contend that no such situation exists in this case.

Motiva alleges that Federated is obligated to indemnify it under the Anderson Oil Liquor Liability policy because Federated was required to pay Anderson Oil's damages due to injury resulting from the selling, serving, or furnishing alcohol, and Motiva has claimed indemnification from Anderson Oil under the WMA for costs Motiva incurred resulting from the selling, serving, or furnishing of alcohol. Amended Complaint (Entry 10), ¶ 21. Motiva alleges that the same rational applies to the Morris Liquor Liability policy: Federated had a duty to indemnify Morris, and thus had a duty to indemnify Motiva. Id. ¶ 23. Motiva further alleges that Federated is required to pay the defense of the state court action not based on a third party claim, but based on the WMA, an "insured contract" under the Anderson Oil CGL policy. Id. ¶ 19. The court concludes that Motiva has adequately pleaded facts to state a first-party claim for indemnification against Federated that is plausible on its face and raises a right to relief above the speculative level.

I. <u>Bad Faith</u>

Finally, Defendants contend that Motiva's bad faith claim against Federated must be dismissed because Motiva had failed to state a claim that it is entitled to coverage under the Anderson Oil CGL and Liquor Liability policies, or the Morris Liquor Liability policy.

The elements of a cause of action for bad faith refusal to pay benefits under a contract of insurance include: (1) the existence of a mutually binding contract of insurance between the plaintiff and defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from

12

the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured. Mixson, Inc. v. Am. Loyalty Ins. Co., 562 S.E.2d 659, 661 (S.C. Ct. App. 2002) (quoting Howard v. State Farm Mut. Auto. Ins. Co., 450 S.E.2d 582, 586 (1994)).

As set forth in detail hereinabove, Motiva alleges in the amended complaint that the policies issued by Federated to Anderson Oil and Morris extended coverage to Motiva and that Federated refused to pay benefits. Motiva further alleges that the refusal to pay benefits was done without a reasonable basis, and that Motiva was damaged by Federated's refusal. Amended Complaint (Entry 10), ¶¶ 103, 104. The court concludes that Motiva has adequately pleaded facts to state a claim for bad faith against Federated that is plausible on its face and raises a right to relief above the speculative level.

## II. CONCLUSION

For the reasons stated, Defendants' motion to dismiss (Entry 14) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
May 7, 2010.